*In re* José Ramón Franco Rivera y Juan M. Massini Soler.

*Número:* AB-92-24          *Resuelto:* 16 de febrero de 1994

*José R. Franco Rivera, pro se; Elí B. Arroyo, Santiago Soler Favale, Maricarmen Ramos de Szendrey* y *Richard W. Markus*, abogados de Juan M. Massini Soler.

## RESOLUCIÓN

A la segunda moción de reconsideración del Lcdo. José Ramón Franco Rivera, *no ha lugar. Aténgase a lo resuelto.*

A las mociones del Lcdo. Richard W. Markus, se autoriza unirse a la representación legal del querellado, Lcdo. Juan M. Massini Soler, y se acepta presentar la moción de reconsideración con exceso de páginas.

A la segunda moción de reconsideración del Lcdo. Juan M. Massini Soler, *no ha lugar. Aténgase a lo resuelto.*

Hemos considerado cuidadosamente las decisiones citadas del Tribunal Supremo de Estados Unidos y resolvemos que bajo ninguna de ellas tienen los querellados algún derecho que los ampare. Nuestra anterior decisión tomó muy en cuenta y consideró cuidadosamente los planteamientos, las alegaciones y la prueba documental sometida por los propios querellados, previa orden de mostrar causa. Se les impuso sanciones, no por la gestión en sí que realizaron para pronunciarse clientes, sino por la manera impropia en que se condujeron en relación con sus clientes potenciales, en violación del Canon 35 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, que exige a los abogados actuar con sinceridad y honradez en todos sus quehaceres profesionales.

En este caso en particular, los querellados incurrieron en conducta tan obviamente carente de sinceridad y honradez que cualquier abogado sabe, o debería saber, no estaba a la altura de lo que se espera de un miembro de la profesión. Sus gestiones para con los clientes potenciales claramente conducían a error, sobre todo cuando se toma en cuenta lo ingenua e incauta que es gran parte de nuestra población cuando se trata de reclamos con visos de autoridad y lo susceptible que es a los reclamos legales.

En este caso los querellados redactaron su comunicación a los clientes potenciales de manera astuta, sin proveer la información necesaria para que el cliente potencial pudiera hacer una decisión libre y consciente sobre si acep-

taba o no los servicios ofrecidos, y el pagar, según lo allí propuesto, por dichos servicios.

La comunicación de los querellados iba dirigida deliberadamente a dar una impresión errónea sobre varios asuntos, y era por ello engañosa. Dicha comunicación

(1)   daba la impresión errónea de que la comunicación enviada por los querellados no era un ofrecimiento de servicios, sino un aviso legal autoritativo;·

(2)   daba la impresión errónea de que en la oficina de los querellados se había hecho mucho trabajo para descubrir unos fondos que le pertenecían al cliente potencial;

(3)   daba la impresión errónea de que los clientes potenciales no podían recobrar esos fondos si no era mediante la intervención de los querellados;

(4)   daba la impresión errónea de que para recobrar los fondos los clientes potenciales tenían que utilizar el formulario específico remitido por los querellados, el cual incluía un juramento obligatorio ante un notario, y

(5)   daba la impresión errónea de que los querellados tenían el derecho indiscutible de cobrar el 33% de los fondos a recobrar.

La comunicación en cuestión no era un ofrecimiento de servicios profesionales a clientes potenciales. Era, más bien, un esquema manipulativo para aprovecharse de la ignorancia de los dueños de unos fondos. Se trata de una conducta taimada que es reprochable aun cuando incurran en ella personas comunes y corrientes. Cuando incurren en ella abogados, ésta se convierte en una conducta patentemente deshonesta, puesto que la misma conlleva un abuso del perito para con el lego. Es éste el tipo de conducta que desacredita la profesión jurídica y que da pie a la idea tan generalizada de que los abogados no son personas confiables.

*Se instruye al Secretario del Tribunal a publicar esta resolución.*

Lo acordó el Tribunal y certifica el señor Secretario

General. Los Jueces Asociados Señores Rebollo López y Hernández Denton no intervinieron.

(*Fdo.*) Francisco R. Agrait Lladó
*Secretario General*